IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>            Plaintiff,            )<br>                                                    )<br>        v.                                        )<br>                                                    )<br>OSCAR DAVID MIRA ARISTIZABAL,    )<br>ALEXANDER LOPERA CASTANEDA, and )<br>MARIA EUGENIA ALZATE SOSA        )<br>            Defendants.            ) | Case No. 3:22-cr-0004 |

## ORDER

**THIS MATTER** is before the Court *sua sponte* on the jury trial currently scheduled for May 16, 2022. For the reasons stated herein, the Court will extend the time to try this case up to and including November 7, 2022.

While no motion to continue has been filed, Defendants Oscar David Mira Aristizabal ("Aristizabal") and Maria Eugenia Alzate Sosa ("Sosa") have each filed executed applications and checklists for speedy trial extensions. Both seeking to have the time in which the Government must prosecute this case extended so that Sosa and Aristizabal can continue exploring potential plea agreements. *See* ECF No. 64; ECF No. 66. It is well settled that this is a valid basis for extending the time in which a defendant must be tried under the Speedy Trial Act. *See, e.g., U.S. v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("In current federal practice, plea negotiations play a vital role. We therefore see no reason why an "ends of justice" continuance may not be granted in appropriate circumstances to permit plea negotiations to continue."). Forcing a defendant to a trial and curtailing his ability to diligently negotiate a favorable plea agreement while exposing him to a potentially harsher sentence would result in a miscarriage of justice. While this case is not particularly unusual or complex, the Court finds that extending the time in which defendants may negotiate a favorable plea agreement, and by extension extending the time in which this case must be tried, best serves the ends of justice.

Moreover, Defendants Sosa (ECF No. 44), Aristizabal (ECF No. 49), and Alexander Lopera Castaneda ("Castaneda") (ECF No. 54) have each filed motions to suppress in this matter. Any delay resulting from "any pretrial motion, from the filing of the motion through

the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excluded from the time within which a trial must commence. *See* 18 U.S.C. § 3161(h)(1)(D). Therefore, the time between the filing of Defendants' motions to suppress automatically tolls the time in which the trial in this matter must be commenced from the time of filing until a hearing is held on the pending motions to suppress. This period is in addition to up to an additional thirty days following any hearing during which time the pending motions to dismiss are actually under advisement. *See* 18 U.S.C. § 3161(h)(1)(H). Thus, Defendants' pending motions to suppress constitute a independent basis for extending the time in which the trial in this matter must commence, separate from any ends of justice finding.

Weighing the factors set forth in 18 U.S.C. § 3161, and especially considering that each Defendant has a pending motion to suppress, and that Defendants Sosa and Aristizabal have each filed speedy trial waivers, the Court finds that continuing this matter and extending the period within which Defendants may be tried under the Speedy Trial Act best serves the interests of justice.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through November 7, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** each file a notice indicating their readiness for trial no later than October 26, 2022; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than October 31, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States v. Aristizabal, et al.*
Case No.: 3:22-cr-0004
Order
Page 3 of 3

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than November 2, 2022;[1] and it is further

**ORDERED** that the jury selection and trial in this matter previously scheduled for May 16, 2022, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on November 7, 2022, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy.

**Dated:** May 6, 2022                                      */s/ Robert A. Molloy*
                                                                           **ROBERT A. MOLLOY**
                                                                           **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.